U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 18 2015

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES B. TRUMAN (#291926) | DOCKET NO. 15-cv-2055; SEC. P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, James B. Truman filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Although he was initially granted pauper status, the order was revoked and Plaintiff was instructed to pay the filing fee. [Doc. #10] Plaintiff submitted the filing fee on September 17, 2015. The case was stricken in error, but was reopened on October 15, 2015. [Docs. #12, 15]

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("Angola"). He claims that this is a "continuation" of a prior lawsuit, which has now been dismissed, and he complains of retaliation and the deprivation of due process.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

In his prior suit, 1:15-cv-1194, Plaintiff alleged that on

March 26, 2014, while incarcerated at Avoyelles Correctional Center, he was reading in bed when two inmates entered Plaintiff's tier, approached Plaintiff's bunk, and attacked him. The inmates stole Plaintiff's property, including his large commissary purchase from earlier that day. Plaintiff states that he filed a lost property claim and then a grievance in June 2014. He claims that, on several occasions in 2014, he was approached in the chow hall by Captain Bordelon about dropping his grievance. Plaintiff "politely refused." [Doc. #1, p.9]

Plaintiff now alleges that, because he refused to drop the grievance in 2014, a false disciplinary report was fabricated by Major Robbie Berube in July 2014, which is the subject of the captioned suit. [Doc. #1, p.9] He alleges that evidence was also fabricated by Lt. Col. Villamarette, Warden Cain, and Wayne Millus.

Plaintiff alleges that he was denied due process with regard to the disciplinary proceeding. [Doc. #1, p.9] He states that, on July 12, 2014, Major Berube woke Plaintiff and placed him in pre-hearing detention at midnight. He claims that the disciplinary report is insufficient, as it lacks a time, place, and victim. [Doc. #1, p.10] He alleges that, since the hearing was part of the "set-up," he was denied due process in that the hearing was not recorded, he was not provided inmate counsel, a fabricated statement from a confidential informant was read, and Plaintiff was not "afforded adequate notice of [the] charges by all defendants."

Plaintiff states that he made a verbal motion to provide him with time to prepare a defense. He claims that Col. Villamarette "lost his composure" because he "knew the hearing was blown" and that Plaintiff had caught him in a fabrication. [Doc. #1, p.11] Plaintiff claims that he was wrongfully found guilty of the violation. He was sanctioned with ten days of room confinement and a job change. [Doc. #1, p.12]

Plaintiff alleges that 19th Judicial District Court ("19th JDC") clerk Doug Welborn violated Plaintiff's First and Fourteenth Amendment rights.

### Law and Analysis

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Section 1915A provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is

3

factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff complains that he was transferred in retaliation for exercising his free speech rights through the use of the grievance procedure because he requested a transfer to Ferriday, but was transferred to Angola to participate in a reentry program. [Doc. #1, p.14] It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Plaintiff fails to state a non-

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

4

conclusory retaliation claim. He alleges that he suffered retaliation for exercising his right to file a grievance. The retaliatory adverse act complained of is a transfer to Angola. However, by Plaintiff's own account, he was transferred to participate in a reentry program. His claim that he was transferred in retaliation for filing grievances is conclusory.

Plaintiff complains that a disciplinary charge was fabricated against him also in retaliation for filing a grievance. Again, Plaintiff's allegation is conclusory. Plaintiff was assaulted and had his property stolen on March 26, 2014, including a large commissary purchase made that day. He filed grievances complaining about officers Scott, Timple, and Jones. [Doc. #1, p.9]. The grievances were apparently denied. On July 18, 2014, Officer Berube filed a disciplinary report accusing Plaintiff of strong-arming other inmates for their property and money. The officer making the disciplinary charge was not even one of the officers about whom Plaintiff had complained in his grievance. Plaintiff has not provided non-conclusory factual allegations of retaliation nor a chronology of events from which retaliation could plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff complains that he was deprived of due process by the filing of the false disciplinary charge. Specifically, he claims that he was entitled to the due process protections under Wolff v. McDonnell, 418 U.S. 539 (1974). Petitioner has not lost any good

time. A job change and ten days of room confinement are not atypical punishments that impose significant hardships in relation to the ordinary incidents of prison life that would trigger due process protection under Wolff. See Sandin v. Conner, 515 U.S. 472, 484 (1995); see e.g., Wilkinson v. Austin, 545 U.S. 209 (2005). Examples of prison hardships that would qualify as so atypical and significant as to implicate due process considerations include unwanted administration of anti-psychotic drugs, involuntary commitment to a mental hospital or extension of the prisoner's sentence for his underlying criminal conviction. See Sandin, 515 U.S. at 484. Absent a loss of good time or other atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. See Sandin at 486; see also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000)(holding that a "30-day loss of commissary privileges and cell restriction do not implicate due process concerns").

To the extent that Plaintiff raises an access to court claim against individuals at AVC, his claim fails. The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually*

*prejudiced*. See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading. First, Plaintiff does not identify any non-frivolous claim challenging his conviction or conditions of confinement that he was unable to pursue due to the actions of any defendant at AVC. Moreover, the claim that he was able to raise in the 19th JDC was actually dismissed as frivolous.

Next, and as mentioned above, Plaintiff complains that he was transferred to the Louisiana State Penitentiary at Angola instead of River Correctional Center in Ferriday, as he requested. A prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Plaintiff did not have a right to be transferred to the institution of his liking.

Plaintiff raises claims in his amended complaint regarding

7

access to courts and conditions of confinement at the Louisiana State Penitentiary at Angola, as well as complaints about the Clerk of Court for the 19th Judicial District Court. Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in Title 28 U.S.C. §1391. When, as here, a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(b). The Middle District of Louisiana, where those claims arose and those defendants are located, is the appropriate forum for such claims.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint regarding AVC be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915A, for failing to state a claim for which relief can be granted. His claims relating to Angola and the 19th JDC should be **DISMISSED WITHOUT PREJUDICE** to filing in the appropriate district court.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and**

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 17th day of December, 2015.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge